ELIZABETH L. GADE (SBN: 161495)
STEPHEN A. VALIZAN (SBN: 260861)
LAW OFFICE OF ELIZABETH GADE, INC.
1900 Point West Way, Suite 208
Sacramento, CA 95815
Telephone: (916) 648-8600
Facsimile: (916) 648-8601

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN L. STOUT,<br><br>            Plaintiff,<br><br>     vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>            Defendant, | **2:13-CV-01418-AC**<br><br>**STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D)** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

THE PARTIES HEREBY STIPULATE, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FOUR THOUSAND, SIX HUNDRED DOLLARS AND 00 CENTS ($4,600.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Stephen A. Valizan, Esq., pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. section 406, subject to the offset provisions of the EAJA.

Respectfully submitted,

Dated:  April 10, 2014                         LAW OFFICE OF ELIZABETH GADE

_/s/ STEPHEN A. VALIZAN_____
Attorney for Plaintiff


Dated:  April 10, 2014                         BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration

_/s/ PAUL SACHELARI*___
Attorneys for Defendant
(*By email authorization)


## ORDER

APPROVED AND SO ORDERED.

Dated:  April 11, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT